IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**CHRISTOPHER CASTORENA,**

                **Plaintiff,**

      **v.**                              **CASE NO. 06-3166-SAC**

**JAY SHELTON, et al.,**

                **Defendants.**

**O R D E R**

This matter is before the court on complaint filed under 42 U.S.C. § 1983 by a prisoner incarcerated in a Kansas correctional facility. Plaintiff seeks declaratory judgment and damages for the alleged violation of his right under Eighth Amendment to not be subjected to cruel and unusual punishment. More specifically, plaintiff alleges Officer Herredsberg used excessive form to break up plaintiff's altercation with another inmate, and alleges the denial of due process in the disciplinary action resulting from that altercation.

The Prison Litigation Reform Act (PLRA) enacted in 1996 mandates that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). *See also*, Booth v. Churner, 531 U.S. 956 (2001)(§ 1997e(a), as amended by PLRA, requires prisoners to exhaust administrative remedies irrespective of the relief sought and offered through administrative channels).

In the present case, plaintiff acknowledges he has not pursued administrative remedies regarding the officer's alleged use of excessive force, and simply states that staff discouraged him from doing so.[1] This is insufficient to demonstrate compliance with showing required under § 1997e(a). *See* Steele v. Federal Bureau of Prisons, 355 F.3d 1204, 1210 (10th Cir. 2003)(pleading requirement imposed by § 1997e(a) requires a prisoner to attach a copy of applicable administrative dispositions to the complaint, or to "describe with specificity the administrative proceeding and its outcome"), *cert. denied* 543 U.S. 925 (2004). The court thus concludes this matter is subject to being dismissed without prejudice to allow plaintiff to satisfy this statutory requirement for proceeding in federal court.

IT IS THEREFORE ORDERED that plaintiff is granted twenty (20) days to show cause why the complaint should not be dismissed without prejudice pursuant to 42 U.S.C. § 1997e(a).

**IT IS SO ORDERED.**

DATED: This 23rd day of June 2006 at Topeka, Kansas.

    s/ Sam A. Crow
    SAM A. CROW
    U.S. Senior District Judge

---

[1] Plaintiff also identifies no factual basis for his claim that he was denied due process in his disciplinary proceedings, and there is nothing to suggest plaintiff pursued an administrative appeal therefrom, or any state court remedies if applicable. *See* Ross v. County of Bernalillo, 365 F.3d 1181 (10th Cir. 2004)(§ 1997e(a) requires "total exhaustion;" prisoner complaint containing a mixture of exhausted and unexhausted claims is to be dismissed).

2